UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EDWARD H. FLINT,                                                    Plaintiff,

v.                                                    Civil Action No. 3:15-cv-588-DJH

GLENN E. ACREE, et al.,                                            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward H. Flint has a long history of filing pro se complaints in this Court against judges and public officials, strangely alleging all manner of misdeeds. The prior lawsuits have been dismissed. Unfortunately, still more are pending. This one follows a now-predictable pattern: it is a complaint against seven current judges and one former judge of the Kentucky Court of Appeals.[1] The complaint is frivolous, baseless, and abusive, and will be dismissed. Additional sanctions will also be imposed upon the Plaintiff.

## I.      PRELIMINARY ISSUES

This matter is before the Court on the motion to dismiss (Docket No. 6), amended motion to dismiss (DN 8), motion for sanctions (DN 7), and amended motion for sanctions (DN 9) by Defendants Judges Glenn E. Acree, Christopher Shea Nickell, Donna L. Dixon, Jeff S. Taylor, Joy A. Kramer, James H. Lambert, and Thomas B. Wine. Also before the Court are motions to dismiss by Defendant Judge Kelly Thompson[2] (DNs 23 and 28).

Plaintiff filed a response to the motion to dismiss by Defendant Judge Thompson. He also filed responses (DNs 11 and 12) to the motion to dismiss and motion for sanctions by Defendants

---

[1] All Defendants are current judges of the Kentucky Court of Appeals with the exception of Thomas B. Wine, who is a former Kentucky Court of Appeals judge.

[2] Defendant Judge Thompson filed a limited entry of appearance to file a motion to dismiss and to respond to Plaintiff's motion for default judgment.

Judges Acree, Nickell, Dixon, Taylor, Kramer, Lambert, and Wine.  He subsequently filed motions for extension of time (DNs 14 and 15) to file responses to these Defendants' amended motion to dismiss and amended motion for sanctions on the basis that the amended motions and their attachments were not properly stapled and that he should therefore be sent stapled copies. Defendants filed a response (DN 16) to the motions for extension of time, in which they state that while the documents may have inadvertently been sent to Plaintiff unstapled, the pages were stacked in order and numbered.  They argue that it was clear from the motions that they were identical to the original motions, to which Plaintiff filed responses, except to add one Defendant.[3]  They argue that Plaintiff had in effect already responded to the motions and no further response by Plaintiff to the amended motions was necessary.  Upon review, the Court finds that Plaintiff has responded to the substance of Defendants' amended motion to dismiss and amended motion for sanctions and further finds that his complaint about staple-free service copies is frivolous.  Therefore, no further briefing is necessary.  Accordingly, it is hereby

        **ORDERED** that the motions for extension of time (DNs 14 and 15) are **DENIED**. The motions to dismiss, as well as the motion and amended motion for sanctions, are ripe for consideration.

## II.        SUMMARY OF ARGUMENTS

        In the complaint, Plaintiff states that he has filed a number of appeals in the Kentucky Court of Appeals and that each Defendant "at some point was assigned one or more of Plaintiff's lawsuits." He alleges that "one or more of the Defendants detested Plaintiff, because the Plaintiff had sued a number of Jefferson County judges, for being corrupt and for violating the United States and Kentucky Constitutions, Kentucky and Federal statutes and Court rules."  He further states, "The

---

[3] The amended motion to dismiss (DN 8) and amended motion for sanctions (DN 9) were identical in substance to the motion to dismiss (DN 6) and motion for sanctions (DN 7) with the exception that the amended motions added Defendant Judge Kramer as represented by counsel filing the motions.

Defendants took away Plaintiff's civil rights because of the Defendant's odium for Plaintiff, even though the Defendants knew they was violating laws, and rules, that all had sworn to obey and uphold." He contends that "one or more of the Defendants ignored the Constitutions and Statutes in order to get back at him for suing judges." Plaintiff further contends that Defendants violated 18 U.S.C. § 241, 18 U.S.C. § 242,[4] 42 U.S.C. § 1985, 28 U.S.C. § 1443, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. He states that Defendants' action caused him "great mental stress." He alleges that Defendants "took advantage" of him because of his *pro se* status and his age, which he states was 79 years old at the time of the alleged actions by Defendants. He alleges that Defendants' "odium of him, cause Defendants to discriminate against Flint by conspiring with others in their court or other courts in Kentucky." Plaintiff contends that Defendants should have recused themselves because of their hatred for him. He also states that Defendants denied him a trial by jury and violated his constitutional rights.

As relief, Plaintiff demands that "Defendants resign as a judge in Kentucky or from their current elected office and never run for an elected office again or are never appointed to such position again"; that Defendants be disbarred from practicing law; that this Court impose "the maximum sentence on each Defendant" for violation of his civil rights; that any and all retirement benefits be taken away from Defendants; and that he be awarded costs and all other relief to which he may be entitled.

Defendants Judges Acree, Nickell, Dixon, Taylor, Kramer, Lambert, and Wine move to dismiss on grounds that the complaint contains unsupported and vague allegations of wrongdoing by Defendants that warrant dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6); that any official-capacity claims against them are barred by sovereign immunity; and that any individual-capacity claims are barred by judicial immunity.

---

[4] Plaintiff actually alleges a violation of 28 U.S.C. § 242, but no such statute exists. The Court presumes that Plaintiff intended to allege a violation of 18 U.S.C. § 242 and will construe it as such.

In Plaintiff's response to the motion, he largely reiterates the allegations of his complaint.  In addition, he states that "videos and pleadings will show and prove that the Defendant violated their sworn duties that the justice system demands from judges and attorneys."  Further, he states, "The Defendants at times didn't have jurisdiction, but wanted the power, like Hitler had.  Plaintiff Flint knows how Hitler operated he lived through it and it is something he will never forget and fight at all cost."  He also states, "These cases was handled by the Defendants in the style of Judge Roy Bean, who did as he pleased, many years ago in West Texas."  Plaintiff further quotes information about Judge Roy Bean from Wikipedia regarding Bean's corrupt practices.

Defendant Judge Thompson also filed a motion to dismiss and renewed motion to dismiss arguing that the claims against him should be dismissed on the ground that he was not properly served with process under Fed. R. Civ. P. 4(c), which requires that a summons and complaint must be served by a person who is at least 18 years old and not a party or by a U.S. Marshal or someone specially appointed.  Plaintiff responded to the motions by Defendant Judge Thompson stating that he did in fact serve process on Defendant Judge Thompson.

### III.    ANALYSIS

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint that merely offers "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the Federal Rules of Civil Procedure.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be

granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Here, even liberally construing Plaintiff's allegations, it is apparent from the face of the complaint that Defendants are entitled to dismissal.

In the complaint, Plaintiff fails to state whether he is suing Defendants in their individual or official capacities or both.  However, the complaint fails to state a claim regardless of the capacity in which Plaintiff sues Defendants.

Claims against Defendants in their official capacities are barred by sovereign immunity. Under the Eleventh Amendment to the U.S. Constitution,[5] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 U.S. App. LEXIS 4709, at *5 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary*

---

[5] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

*v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 U.S. App. LEXIS, at *9 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).  Thus, to the extent that Plaintiff is seeking monetary damages against any Defendant in his or her official capacity, such claims are barred by the Eleventh Amendment.

Plaintiff demands various forms of injunctive relief, and these claims also fail.  Plaintiff requests the following injunctive relief:  (1) that "Defendants resign as a judge in Kentucky or from their current elected office and never run for an elected office again or are never appointed to such position again" and have all retirement benefits "taken away from them, forever"; (2) that Defendants are disbarred from practicing law and "never run for an elected office again"; and (3) that this Court impose "the maximum sentence on each Defendant" for the violation of his civil rights.

With regard to Plaintiff's demand that Defendants be removed from their judicial positions, this Court has no jurisdiction to take such action.  The power to do so lies with Kentucky's Judicial Conduct Commission and the Supreme Court of Kentucky.  *See Gormley v. Judicial Conduct Comm'n*, 332 S.W.3d 717, 725 (Ky. 2011) ("Section 121 of the Kentucky Constitution authorizes the [Judicial Conduct Commission] to . . . remove, a judge or justice for good cause, with judicial review directly to the [Kentucky] Supreme Court.").  This Court likewise has no jurisdiction to disbar Defendants, as Plaintiff requests.  *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom . . . lawyers are included."); *In re Baumgartner*, 123 F. App'x 200, 203 (6th Cir. 2005) (recognizing that the state has jurisdiction to disbar an attorney and that the state's power of disbarment cannot be upset by federal review).

Finally, as to Plaintiff's demand that this Court impose "the maximum sentence" on Defendants, the Court states the obvious: this is a civil action and incarceration of the Defendants is not available as relief to the Plaintiff.  The Court does not have the power to direct that criminal

charges be filed against anyone.  *See Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970) (finding that United States attorneys cannot be ordered to prosecute because the decision is within their discretion); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972) (finding that the "plaintiff's complaint fails to state a claim upon which relief can be granted in that none of the United States Attorneys can be compelled to investigate or prosecute alleged criminal activity").

Moreover, suit against Defendants in their individual capacities must also be dismissed because such claims are barred by judicial immunity.  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in "the clear absence of all jurisdiction."  *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing *Mireles*, 502 U.S. at 11-12).  Whether an action is judicial or non-judicial "depends on the nature and function of the act, not the act itself."  *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted).  Courts examine two factors in performing this functional analysis.  *Id*. at 1441.  Courts must first determine whether the act "'is a function normally performed by a judge.'"  *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity."  *Id.*  Furthermore, a judge acts in "clear absence of all jurisdiction" only if the matter acted upon is clearly outside the subject matter of his court.  *Ireland v. Tunis*, 113 F.3d at 1441.  Acting in error, maliciously, or in excess of his authority is not enough.  *Stump*, 435 U.S. at 355.

In the instant case, the alleged wrongful actions by Defendants involve their handling of Plaintiff's cases on appeal, a function normally performed by appellate judges.  Plaintiff clearly dealt with all Defendants in their judicial capacities.  The complaint alleges no facts suggesting that any Defendant engaged in non-judicial action.  An act "does not become less judicial by virtue of an

allegation of malice or corruption of motive." *Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).   Nor has Plaintiff stated any fact to show that any Defendant acted in the clear absence of all jurisdiction. Plaintiff states in the complaint that Defendants "at some point [were] assigned to one or more of Plaintiff's lawsuits" which he appealed to the Kentucky Court of Appeals.   While Plaintiff states in his response to the motion to dismiss that Defendants "at times didn't have jurisdiction[,]" the Court is not required to accept legal conclusions devoid of any factual support.  *See Iqbal*, 556 U.S. at 678. Accordingly, Defendants are entitled to absolute judicial immunity to any claims against them in their individual capacities.

Furthermore, in the complaint, Plaintiff cites 18 U.S.C. §§ 241 and 242, which are criminal statutes that do not create a private right of action.  As already discussed, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).   Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges.  *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986).   Plaintiff also cites 28 U.S.C. § 1443. However, § 1443 is a federal removal statute, not a cause of action under which one can bring a claim.   The claim must therefore be dismissed.   As to Plaintiff's citation to 42 U.S.C. § 1981, such a claim fails because he does not allege racial discrimination, *see, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987), and his § 1985 claim fails because he has not alleged that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus."  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

For these reasons, Plaintiff has failed to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).   Accordingly, it is hereby

**ORDERED** that the motion to dismiss (DN 6) and amended motion to dismiss (DN 8) by Defendants Judges Acree, Nickell, Dixon, Taylor, Kramer, Lambert, and Wine pursuant to Fed. R. Civ. P. 12(b)(6) are **GRANTED**.

Defendant Judge Thompson moves to dismiss based on the failure of Plaintiff to properly serve him pursuant to Fed. R. Civ. P. 4(c). The Court agrees that service was defective because it appears that Plaintiff himself, a party to the action, served Defendant. Under Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days[6] of the filing of the complaint, a district court may extend this time period, even absent a showing of good cause as to why process has not been served. *See Capital Delivery, Ltd. v. PJ Comn Acquisition Corp.*, No. 3:11-CV-440-JGH, 2012 U.S. Dist. LEXIS 4821, at *5 (W.D. Ky. Jan. 17, 2012) (citing *John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09CV-862-JGH, 2010 U.S. Dist. LEXIS 82232, at *1 (W.D. Ky. Aug. 12, 2010); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (noting in dicta that the 1993 amendments to the Federal Rules gave courts "discretion to enlarge the 120-day period 'even if there is no good cause shown'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p.654). Due to Plaintiff's *pro se* status, the Court would allow Plaintiff additional time to cure the defective service. However, because Plaintiff's claims against Defendant Judge Thompson warrant dismissal for the same reasons that his claims against the other Defendant Kentucky Court of Appeals judges must be dismissed, it would be futile to allow Plaintiff to cure the defective service. Accordingly, it is hereby

**ORDERED** that the motion to dismiss (DN 23) and renewed motion to dismiss (DN 28) by Defendant Judge Thompson are **GRANTED**. The Court will dismiss the entire action.

After the motions to dismissed were fully briefed, Plaintiff moved for leave to amend his complaint to add three additional Kentucky Court of Appeals judges as defendants. Where a

---

[6] Effective December 1, 2015, the time limit under Fed. R. Civ. P. 4(m) was amended to 90 days. Because Plaintiff filed his action before the effective date of this amendment, however, the 120-day rule would apply to service of the complaint in this action.

proposed amended complaint could not survive a motion to dismiss, amendment is futile and need not be allowed. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). For the reasons explained herein, Plaintiff's proposed amendment is futile. Accordingly, it is hereby

**ORDERED** that the motion for leave to amend (DN 30) is **DENIED**.

## IV.   SANCTIONS

Defendants Judges Acree, Nickell, Dixon, Taylor, Kramer, Lambert, and Wine also move for sanctions to be imposed against Plaintiff. They argue that Plaintiff has a long history of filing frivolous, vexatious lawsuits against federal and state judges. They contend that Plaintiff has been repeatedly told that he cannot sue judges, but he continues to file nearly identical lawsuits against judges.

In response to the motion, Plaintiff argues that his past complaints "have nothing to do with this case" and that "past courts violated the Constitution against Plaintiff." He reiterates many of the allegations in the complaint and argues that Defendants have violated his constitutional rights. He argues that the Court does not have authority to sanction him. Plaintiff further states:

> In 2007 the Holy Spirit told the Plaintiff that God wanted the Devil out of the Justice System and wanted the Plaintiff to file a number of lawsuits, to get him out. The Holy Spirit told Flint, that he the Holy Spirit would tell Flint how to write the pleadings and tell him what to say in court. The Holy Spirit would also teach Flint about the law needed. Flint by his action has been and will continue doing God's will. Flint has obeyed the courts rules in every case.

Plaintiff also resorts to name-calling by suggesting similarities between the Nazis and "corrupt judges."

In one of Plaintiff's earlier actions, *Flint v. Whalin*, Civil Action No. 3:11CV-316-JGH, by Memorandum Opinion and Order entered June 21, 2011 (DN 6), the late Senior Judge John G. Heyburn II documented Plaintiff's lengthy history of frivolous litigation against state and federal judges in this Court and found that the "submission of frivolous and duplicative lawsuits serves no

legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases."  Therefore, Judge Heyburn issued the following warning to Plaintiff:

> **Flint is WARNED that he will be sanctioned in the amount of $700.00 per suit should he file any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases. Additionally, filing any additional such lawsuits could result in the imposition of additional sanctions, including the imposition of filing restrictions.**

*Id.*

However, this warning did not deter Plaintiff.  He filed a subsequent lawsuit against a state court judge.  *See Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS.  By Memorandum Opinion and Order entered January 18, 2013 (DNs 10 & 11), Senior Judge Charles R. Simpson III held that Plaintiff's suit plainly fell within the terms of Judge Heyburn's warning, as it was a lawsuit against a state judge on the grounds that the state judge was biased against him, made incorrect rulings, and improperly oversaw a hearing in the case.  Finding that the filing of the subsequent action constituted bad faith, Judge Simpson imposed a $700 sanction, double the cost of the filing fee at that time, and issued the following warning to Plaintiff to ensure that he was aware that any future frivolous lawsuits could result in even more severe sanctions:

> [T]he plaintiff, Edward H. Flint, is **WARNED** that if he files any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases, **he will face further sanctions, which could include, but are not limited to, monetary sanctions of more than $700 or the imposition of filing restrictions[.]**

(DN 11).

Again not deterred by Judge Heyburn's warning or the sanctions imposed by Judge Simpson, Plaintiff filed another recent action against a federal judge.  *See Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS.  There, the Court found that Plaintiff acted in bad faith in bringing the action against a federal judge despite two earlier warnings by the Court.  Judge Greg N. Stivers imposed a

sanction against Plaintiff of $800, an amount double the current cost of the filing fee for a civil action.

In yet another recent case, Plaintiff filed suit against another state court judge.  *See Flint v. Burkman*, Civil Action No. 3:15CV-439-JHM.  Chief Judge Joseph H. McKinley imposed sanctions against Plaintiff due to his history of filing frivolous and burdensome lawsuits targeting state and federal judges.

This Court agrees with the reasoning in the prior Orders imposing sanctions.  Once again, Plaintiff has brought a frivolous action against a judge after repeated warnings against doing so.  Sanctions are therefore appropriate.  *See Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) ("Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose." (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 519 (6th Cir. 2002))).  Accordingly, it is hereby

**ORDERED** that the motion for sanctions (DN 7) and amended motion for sanctions (DN 9) by Defendants Judges Acree, Nickell, Dixon, Taylor, Kramer, Lambert, and Wine are **GRANTED**.

The Court will impose a sanction against Plaintiff in the amount of $800 in the present action.  Further, a review of this Court's records reveals that Plaintiff has failed to pay the $700 sanction previously imposed by Judge Simpson; the $800 sanction previously imposed by Judge Stivers; and the $800 sanction previously imposed by Judge McKinley.  Plaintiff, therefore, remains obligated to pay the prior $2,300 in sanctions in addition to the $800 incurred here.

"To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom . . . sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court."  *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (per curiam); *see also Hyland v Stevens*, 37 F. App'x 770, 771-72 (6th Cir. 2002)

("[Plaintiff] is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in [a previous case]."); *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993) ("Courts have inherent power to dismiss actions for nonpayment of costs in prior actions.  This power also extends to a litigant's failure to pay previously imposed sanctions.").   In accord with the previous orders imposing sanctions discussed above, this Court will also impose the following requirement on Plaintiff:

> **Flint is barred from filing any new action in this Court until he has paid the $800 sanction imposed in this case; the $800 sanction previously imposed in *Flint v. Burkman*, Civil Action No. 3:15CV-439-JHM; the $800 sanction previously imposed in *Flint v. McKinley*, Civil Action No. 4:15CV-130-GNS; the $700 sanction previously imposed in *Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS; and any other sanctions imposed by the Court.  The Clerk of Court shall not accept for filing any future lawsuits by Plaintiff until he pays all sanctions imposed on him.**

Finally, review of the Court's records reveals that since April 20, 2015, Plaintiff has filed nine other cases in this Court, six of them also against judges.   Due to Plaintiff's continued pattern of filing abusive and vexatious lawsuits in this Court, his attempt to ignore the previously imposed sanctions and repeated warnings of additional sanctions, this Court concurs with the prefiling restrictions placed upon Plaintiff by Judge Stivers and Chief Judge McKinley.   Chief Judge McKinley placed the following prefiling restriction upon Plaintiff to begin after Plaintiff's full payment of all sanctions imposed by the Court:

> Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court.  Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose.  He must attach his proposed complaint to the motion.

*See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (permanently enjoining plaintiff from filing action based on particular legal and factual claims "without first obtaining

certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose").

This Court now imposes the same prefiling restriction, effective as of the date of entry of this Order:

**Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court.  Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose.  He must attach his proposed complaint to the motion.**

**Further, on or before February 17, 2016, Plaintiff shall pay the full balance of all financial sanctions, including those imposed herein.  Those sanctions are as follows:**

$700   (*Flint v. McDonald*, 3:12-cv-613-CRS)

$800   (*Flint v. McKinley*, 4:15-cv-130-GNS)

$800   (*Flint v. McDonald-Burkman*, 3:15-cv-439-JHM)

$800   (*Flint v. Acree*, 3:15-cv-588-DJH)

**Total        $3100**

Plaintiff shall pay the outstanding sanctions to the Clerk of the Court, U.S. District Court for the Western District of Kentucky, 601 W. Broadway, Louisville, Kentucky 40202.  **Plaintiff is warned that failure to timely pay the outstanding financial sanctions may subject him to additional sanctions and restrictions.  Plaintiff may not pursue any new action in this Court until the sanctions have been paid.**

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

December 17, 2015

cc:      Plaintiff, *pro se*
4415.010

**David J. Hale, Judge**
**United States District Court**

14